IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES A. WAHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 04-CV-884-PMF |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**FRAZIER, Magistrate Judge:**

Plaintiff, James A. Wahl, seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability benefits and supplemental security income. An Administrative Law Judge (ALJ) denied Wahl's October, 2000, applications after finding that Wahl was not disabled. That decision became final when the Appeals Council declined to review the ALJ's decision. Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3).

To receive disability benefits or supplemental security income, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A), 1382c(a)(3)(B), 1382c(a)(3)(D).

The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine in sequence: (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals one listed by the Commissioner; (4) whether the claimant can perform his or her past work; and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id*.

The ALJ evaluated plaintiff's applications through Step 4 of the sequential evaluation. The ALJ found that plaintiff's insured status expired on September 30, 1997, and that while he worked at several jobs, those jobs did not amount to substantial gainful activity. During the relevant period, he had severe mental and physical impairments that did not meet or equal a listed impairment. The ALJ also decided that plaintiff was able to perform a limited range of simple, repetitive tasks at all levels of exertions, provided that the job entailed only minimal contact with co-workers, supervisors, and the general public. Because these restrictions did not prevent the performance of the work plaintiff had previously performed, he was not disabled (R. 21-27).

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Because the Commissioner is responsible for

weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner applies the wrong legal standard or makes serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

### I.    Discussion of Vocational Testimony

Plaintiff argues that the ALJ ignored vocational testimony demonstrating that he did not have sufficient skills to enter the workforce. He maintains that the ALJ failed to articulate any analysis of this evidence. In response, the defendant maintains that the ALJ properly assessed plaintiff's residual functional capacity based on substantial evidence in the record.

In May, 2000, Mike Langan prepared a facility vocational evaluation regarding the plaintiff. Using a work evaluation system, Mr. Langan placed plaintiff in the transitional work training/vocational adjustment range, stating that plaintiff was "now capable of earning wages or salary commensurate with others employed in similar settings" and that there was a good probability that he would be "capable of competitive employment within 24 months" (R. 234).

In June, 2001, plaintiff started participating in a sheltered workshop program (R. 299).

An evidentiary hearing was conducted on May 16, 2002. At that time, the ALJ consulted a vocational expert, who evaluated plaintiff's prior employment, including his ongoing work in the sheltered workshop program. The expert formed the opinion that plaintiff's work in the sheltered workshop program did not qualify as substantial gainful activity. The expert also explained that, by workshop standards, a person in transitional work training or vocational adjustment is not ready for competitive work (R. 300-305).

At Step 1 of the sequential analysis, the ALJ decided that plaintiff had not engaged in substantial gainful activity (R. 22). The ALJ mentioned plaintiff's participation in the workshop program when he summarized plaintiff's testimony (R. 24). However, when the ALJ summarized the vocational expert's testimony, he did not mention the expert's comments suggesting that plaintiff fell short of workshop standards for competitive work (R. 25-26).

Although a written evaluation of each piece of evidence or testimony is not required, ALJs may not select and discuss only the evidence that favors the ultimate conclusion. *Orlando v. Heckler*, 776 F.2d 209, 213 (7th Cir. 1985). Rather, ALJs must consider all the relevant evidence and articulate at some minimal level their analysis of the evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). Work experience that involves minimal duties or demands and work that is performed under special conditions – such as work in a sheltered workshop – may not qualify as substantial gainful activity. 20 C.F.R. § 416.973(b),(c). Hence, the vocational expert's comments regarding plaintiff's workshop experience in 2001 and 2002 are relevant to the ALJ's Step 1 analysis of plaintiff's application for supplemental security benefits.[1]

The ALJ made a favorable decision at Step 1, finding that plaintiff's efforts to work did not qualify as substantial gainful activity. In light of the favorable finding, articulation of the analysis of the vocational evidence on this topic was unnecessary.

Plaintiff may be arguing that the ALJ should have discussed the vocational expert's comments in connection with the residual functional capacity assessment. If so, the argument is not persuasive. Residual functional capacity is an assessment of the most a person can do despite

---

[1] Because plaintiff's insured status expired on September 30, 1997, vocational evidence regarding plaintiff's efforts to work in 2001 and 2002 is not relevant to the ALJ's analysis of plaintiff's application for disability benefits (R. 22).

physical and mental limitations caused by medically determinable impairments. 20 C.F.R. § 416.945(a).

In assessing residual functional capacity, the ALJ considered evidence describing plaintiff's impairments and the extent to which those impairments affected his physical and mental ability to perform specific functions, including his participation in a sheltered workshop program. The ALJ rationally determined that, despite his impairments, plaintiff retained the ability to perform simple, repetitive work tasks without speed or production requirements or frequent shifts. The ALJ also rationally decided that plaintiff needed to restrict his contact with co-workers, supervisors, and the general public (R. 23-25). In making this assessment, the ALJ was not required to specifically discuss vocational testimony suggesting that plaintiff did not meet workshop standards for competitive employment. *See Edwards v. Sullivan*, 985 F.2d 334, 339 (7th Cir. 1993); *Johansen v. Barnhart*, 314 F.3d 283, 288-89 (7th Cir. 2002).

## II.     Evaluation of Catherine Devaney's Report

Plaintiff also argues that the ALJ improperly rejected and totally disregarded a report prepared by Catherine Devaney on the basis that she is not a qualified medical source. Defendant argues that evidence from an acceptable medical source is needed to establish medically determinable impairments at Step 2. Defendant also argues that the ALJ could reasonably decide not to give this evidence great weight.

Ms. Devaney, a licenced mental health counselor, met with plaintiff on May 7, 2001. She assessed plaintiff's mental health, made diagnostic impressions, and ranked plaintiff's global assessment of functioning at 48, indicating serious symptoms or any serious impairment in social, occupational or school functioning (R. 253-257). *The Diagnostic and Statistical Manual of Mental Disorders* (4th ed. text revision)(American Psychiatric Association 1994) at 34.

The ALJ reviewed Ms. Devaney's report and declined to consider her assessment at Step 2 of the sequential evaluation. The ALJ explained that Ms. Devaney was not a qualified medical source (R. 24).

Plaintiff relies on 20 C.F.R. § 1527(3)(d), which provides that every medical opinion, regardless of its source, will be evaluated. In making this argument, plaintiff overlooks the definition of a medical opinion:

> Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis....

20 C.F.R. § 416.927(a)(2). Because Ms. Devaney was not an acceptable medical source, her opinion regarding the nature and severity of plaintiff's ailments was not a medical opinion. 20 C.F.R. § 416.913(a)(2). While ALJs may choose to use evidence from other sources, that appears to be an option rather than a mandate. 20 C.F.R. § 416.913 (d).

Assuming that the ALJ improperly excluded this evidence from consideration at Step 2, the Court is not persuaded that the error warrants reversal or remand for further proceedings. The ALJ made a favorable finding at Step 2. At Step 4, the ALJ rated plaintiff's difficulties in social functioning as "marked" (R. 24). This finding shows that the global assessment of functioning score selected by Ms. Devaney was considered and given weight when the ALJ assessed plaintiff's functional limitations.

### III.   Conflicting Findings at Step 4

Plaintiff also argues that the ALJ erred in finding that plaintiff could return to his former work because his former work did not qualify as substantial gainful activity. Defendant responds that the ALJ's Step 4 finding is supported by vocational evidence that plaintiff could return to his job as a cook at a fast food restaurant and his job as a factory production worker.

The ALJ found that plaintiff's past work experience included employment as a cook and that his medically determinable impairments did not prevent him from performing his past relevant work as a dishwasher, cook, and stock clerk (R. 22, 26).

Plaintiff worked as a dishwasher and stock clerk in 1999 (R. 108). The ALJ found that plaintiff's efforts to work during this period of time did not qualify as substantial gainful activity (R. 26). This finding conflicts with the ALJ's assessment of plaintiff's ability to perform his past relevant work. 20 C.F.R. § 416.960(b)(1).

Plaintiff worked as a cook for approximately five months in 1992, stopping due to a conflict with a co-worker (R. 108, 292). The ALJ did not find that this job amounted to an unsuccessful work attempt (R. 22). Plaintiff suggests that his testimony, which the ALJ accepted as credible, could support a finding that his work as a cook was an unsuccessful work attempt.

On review of the record, the Court is not persuaded that the ALJ should have considered whether plaintiff's work as a cook was an unsuccessful work attempt. Specifically, plaintiff did not show that he was frequently absent from work, performed unsatisfactory work, worked during a temporary remission, or worked under special conditions that were removed (R. 292). 20 C.F.R. § 416.974 (c)(4).

Defendant suggests that the record supports a finding that plaintiff could return to his job as a factory production worker. The Court declines to extend it's role to make new findings or review findings that were not made by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)(review is confined to the reasons supplied by the ALJ).

In sum, the ALJ's Step 4 determination is supported by substantial evidence that plaintiff could return to his past relevant work as a cook.

## IV. Conclusion

The Commissioner's final decision denying James Wahl's October, 2000, applications for disability benefits and supplemental security income is AFFIRMED.

**SO ORDERED.**

**DATED:     June 28, 2006     .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE**
